We'll next hear argument in United States v. Welch. One moment, let's get settled. You may proceed. Good morning. May it please the court, Clark Matthews for the appellant, Derek Welch. We ask that you reverse the order of the district court denying the motion to suppress. The district court got a lot correct in the first step of the Franks analysis, but did make some errors in the first step, and those errors in the first step led to its erroneous conclusion that there was probable cause in the corrected affidavit. The first thing we want to address is the omission that Welch had reported to law enforcement that Stein had committed a crime that day. Welch reported. It's in the record that Welch reported to law enforcement. She threw things at him. She broke things. We presented that, established that it was consistent with the pattern that the affiant had engaged in, and the district court simply didn't make a ruling on that issue, just kind of mischaracterized our argument with respect to that claim. What's the district court's burden in a Franks proceeding? What's his job? The district court needs to determine whether or not the statements or omissions were made false or intentionally so or with reckless disregard for the truth. So with respect to Welch's report that Stein had thrown things at him and broke the glass, the affiant said he wasn't aware of that information, and there was evidence in the record that he was, and it was otherwise consistent with what we saw from the affiant, right? Because if that goes in the search warrant affidavit, that she's committing crimes against him, then that affects the probable cause analysis. That affects her credibility, right? She's got a motive to fabricate claims against Welch, and we see that with the other things, right? Stein reports that she's strangled and beaten. Officers don't see injuries consistent with that, so the search warrant author, he makes them up, right? Because if there's no injuries that are consistent with that report, that could affect her credibility. My understanding of the way Franks works as a district judge in this circumstance is to look at things that are either materially wrong or stated in reckless disregard for the truth, exclude them, and then look at what's left and see if these were the only things in the affidavit. Would it have justified the issuance of a warrant? Am I right? Partially, right? But the court also has to consider omissions that were left out of the search warrant affidavit with reckless disregard for the truth, right? That's the Stanner case. And so if those omissions are left out, and they're left out with reckless disregard for the truth so that the neutral magistrate is misled about what's going on here, then the district court can put those omissions in the corrected affidavit and to consider then whether there's probable cause. But even with, I mean, at the end of the day, the district court is charged with excising first and then, to your point, determining if there is omitted information and then ultimately making a probable cause determination. I'm having some trouble here. Maybe you can help me over my hurdle of figuring out why, at the end of the day, having done those things or even if we put back in the statements you'd like, why there is a probable cause. Okay, so let's assume that the district court was incorrect to put back in information that he believes the affliant should have told with respect to the drug amounts and the timing. So if we assume all that, we go to the corrected affidavit, there's no probable cause because what we've got is we've got a conclusory allegation from Stein that he's dealing drugs. We've got a claim from Stein that there was recently drugs there, that they're typically kept in the safe. And you've got a claim that she's been previously given information that's reliable in the past. Well, there is a history here with Stein, correct? That's alleged in the search warrant affidavit. Right, that there's this history and previously worked with the drug task force, that sort of thing. So we take that as a given. Correct. But that, her prior reliability is counteracted by the specific circumstance here where she appears to have a motive to fabricate, right? She appears to be quite angry with Welch, angry enough that she's throwing things at him and that she's being accused of crime. So she's got a motive to divert law enforcement's attention. That counteracts the prior reliability. And then you look at the statement that she gave, and there's no basis of knowledge, right? There's no predictive information. There's not a lot of specific factual information in there. And all that is heightening our need for some sort of corroboration, corroboration that didn't exist, which is why the search warrant author fabricated surveillance. He fabricated this corroboration, says that he's done this prior surveillance and observed these known drug users, that it turns out at the Frank's hearing, there's zero documentation to support any of that. And I think that's what brings us to kind of where we're in the territory of where the Hall case is, right? So where you've got the report from the, you know, the guy gets busted by the police and then he tells the police, well, my source is Mr. Hall. Here's where he lives. Here's where he keeps the drugs, all that. But what was left out, and he actually testified live, but what was left out when he testified was the idea of prior conviction for false reports to law enforcement. And so what this court determined there is when you put in the fact that he had that prior conviction for false report, and without corroboration of the information that he provided, there was no longer probable cause. And so that's why we believe there's no probable cause, because the motive to fabricate is similar to like a prior conviction for false reports. We think it's equally kind of effective in questioning her credibility. And so that's where we get for the need for corroboration to get to the probable cause. On this whole point that there has to be some kind of independent corroboration, what case law do you think best supports that proposition? I think the Hall case is good on that point. And if there's no further questions at this point, I would like to reserve the remaining time for rebuttal. You may. May it please the court. Tori Nichol on behalf of the United States. This court should affirm the district court's denial of the motion to suppress, and it can reach that result in two ways. The first and simplest way would be for this court to apply de novo review to the redacted affidavit. Under that approach, this court should assume the district court correctly found five statements to have been made with reckless disregard for the truth, and then it should excise those statements completely from the affidavit and consider whether what remains supports probable cause. What remains does support probable cause. In the alternative, this court could reach that same result if it applies clear error review and looks back to each of the findings the district court made on officer Matthews statements. Under that approach, this court should determine that the district court clearly erred in finding those statements were made with reckless disregard for the truth, in which case those statements would remain in the affidavit, which is sufficient to establish probable cause. So let me go to your first line, and that is the de novo. And you say we should take these various statements, excise them out of the affidavit, and then see what's left and on a de novo review. But there's also, as you indicated in the reply brief, the district court didn't just excise certain things, the district court supplemented the affidavit. So that puts us in a little bit of a different territory. Would you address that? Yes, Your Honor. The district court did err here, but our argument is that error is ultimately harmless and it's also limited. The district court, and this speaks a bit to what Judge Hawkins was raising in terms of the Franks framework, the district court correctly identified five, or it identified five statements as required under that first step of Franks and said these statements were made with reckless disregard for the truth. The proper remedy would have been to eliminate those statements completely, but the district court here, with regard to the drug amount and timing, went a step further and inserted information because it believed that would reflect the more truthful showing that Franks requires. But that was an error because information should be added to an affidavit only when that information is required to prevent otherwise truthful information from being misleading. And I appreciate the government has acknowledged that this was error. Then the ultimate question is, but where does that then leave this rather riddled affidavit? Yes, Your Honor. On de novo review, we go back to that second step of Franks, which is this material was found to be made with reckless disregard for the truth and it itself is material, which means that it's eliminated completely. So then this court should look to what's left in the four corners of the affidavit and consider whether that supports probable cause. And the district courts, I believe it's on page 11 of the excerpts of record where the district court says, here's what remains in the affidavit. And apart from putting in the corrected five to six, eight balls and that Welch had received the drugs within a week, everything the district court identifies as supporting probable cause is proper, such as Stein saying that she had personally observed the meth and coke in the safe that she knew Welch was distributing drugs. She had previously been a reliable informant in drug investigations in the past. And that's a point that I think addresses some of the concerns Welch raises as far as Stein's credibility, because under Franks, Welch is free to attack the veracity of the AFI and officer Matthews. But because Stein is an informant and not the affiant, her veracity can't be challenged. In effect, Welch can raise a collateral attack to Stein's reliability by saying, well, she had this motive to lie. And so that obviates any any value in her past role as an informant. But that's not accurate under Illinois v. Gates, which says that even when the court entertains some doubt as to the motives of an informant, his tip isn't or his or her tip is nonetheless entitled to wait so long as they've proven to be reliable in past investigations. And that weight is even greater if the investigations are of the same type as the investigation currently at issue. I'm trying to imagine being the magistrate that's being asked to issue this search warrant. And having done it a few times in my past, I can remember magistrates, district judges, magistrate judges saying to me or the agent or officer with me, is there anything else you'd like to tell me that would help me analyze this situation? And in this situation, the affiant who's sworn that these things are true says, well, I put in the affidavit that Stein had marks and bruises on her arm, but I'm not really sure that's true. I also said that these drugs have been packaged for sale, but that's not quite accurate. And I said there were eight balls in the safe and there were only two or three or whatever. And I'm probably wrong on the timing of when Welch received these drugs. And having an affiant tell me that as the magistrate and saying, and you want me to issue a search warrant? Tell me why that's wrong. Well, Your Honor, first I'll start with the description of the drugs as being packaged. And I think that United States v. Elliott is helpful for that because it was clear error for the district court to find that statement was inaccurate. Under in United States v. Elliott, the affiant had written that the informant described drugs as being in possession of the defendant. And then at the Franks hearing, the officer testified, well, he didn't actually use the word possession. But he described the defendant as having drugs right in front of him. And the district court and this court affirmed that that was not a recklessly false statement, even though the informant didn't verbatim use that terminology. And so here, the fact that Stein said he has drugs, I've seen them, I've seen his friends coming and he's giving them to him. They're in eight ball quantities, which is a method of selling meth on the street. It wasn't reckless for Officer Matthews to describe the drugs as being as Stein describing them as being packaged to sell, even if she didn't use those exact words. So then that leaves the amount of the drugs, the timing of receipt and the marks or bruises that you identified as being concerning. And Officer Matthews testified about why those marks wouldn't have shown up on his body cam. And he said he simply didn't put that information in the in his follow up report. The district court decided that that was not necessarily believable. And so it struck that statement. As far as the timing of the or excuse me, the amount of the drugs, that one is a bit less obvious in terms of if that was made recklessly, because Stein said initially that there would definitely be more than two eight balls in the safe. Then she said there were five to six at least. And Officer Matthews put six to ten eight balls in the affidavit for purposes of possession. I has an amazing stretch of facts, doesn't he? Two to five to six to eight to ten. Well, and it's interesting. It's an expanding universe of facts for him. And as far as the the drug amounts, that's most relevant to the crime of distribution of drugs, which is one of the crimes that's identified in the search warrant as being under investigation. But Officer Matthews also identified possession of dangerous drugs as one of the crimes under investigation. And for mere possession, a single eight ball would have been sufficient to show that that crime was occurring. So while the number of eight balls in the safe is not exactly clear in the affidavit for the crime of possession, it's less material, the number of eight balls that are in the safe. What troubles me is that the district court made this finding that viewing all of the false statements together, they found a clear intentional pattern in the officer's actions. He selectively included information bolstering probable cause. Isn't the remainder of this conclusion? Doesn't that contradict this finding that he made? Your Honor, it doesn't contradict the finding he made because the district court stopped short of making an adverse credibility finding as far as Officer Matthews. And he did credit the statements that Officer Matthews testified to at the Frank's hearing concerning Stein's credibility in previous drug investigations. And so that line that's quoted in the district court's order, citing to Perkins, omits the part that the pattern the court found troubling in Perkins. There was the insertion of information coupled with omission of information that would have been possibly detrimental to a probable cause determination. And Officer Matthews here did not omit any information like that, like the defendant in Perkins or excuse me, affiant in Perkins. I see my time is up. So with that, I will simply request that this court affirm the district court's denial of the motion to suppress. Thank you. Mr. Matthews. Thank you. So successful Frank's challenges are pretty rare. I think I found three in this circuit. And hopefully there's good reasons for that. But when I look at those three cases, the Perkins, Hall and Davis case, the affiance actions in those cases are pretty tame compared to what occurred here. I mean, the pattern of behavior in this search warrant application we think even goes beyond the findings the district court made. And even the things that are perhaps not material to finding a probable cause. But just take, for example, the fact that he claims in the search warrant application that Welch had to be called out of the residence when the police got there. That wasn't true. I mean, it's like why would that be something that would be misrepresented in a search warrant application other than to just paint this fiction, fictional story so that he can ensure the neutral magistrate grants the search warrant and being unaware of the true facts of this situation? Let me flip the question I asked your friend on the other side. Suppose the magistrate in this case, this is hypothetical, had laid out this affidavit and said I'm now going to go through it. And unless you're absolutely certain about everything that I go through, tick off each one, I'm going to run a red line through them. And let's suppose the magistrate did that and had the result that Judge Morris had in front of him. What's the problem? Well, we don't think – we think if with a properly conducted, corrected affidavit, there is not probable cause because that affidavit – and again, I think it's really important that we – the court considers this omission of Stein's crimes because it's gone unaddressed by the district court below. The government didn't address it in briefing, didn't address it in argument. We think that drives the probable cause analysis because that fact that she's – that she was being accused of a crime by Welch is central to the probable cause analysis here. And when that's factored in without the additional corroboration, there's no longer probable cause. So with that, we ask you reverse the district court. Thank you. Thank you. I thank both counsel for your argument this morning. United States v. Derrick Ron Welch is submitted.
judges: McKEOWN, HAWKINS, WARDLAW